Caruthers, J.,
delivered the opinion of the Court.
This bill was filed to enforce the vendor’s lien, by an assignee, before due, of the notes for the consideration of land.
The facts are, that defendant, Hildreth, in 1852, purchased the land of Pursley, and took his bond for title. In the same year, December 31, he sold to defendant, Estridge, who executed his two notes of that date, for the consideration — one for $72.50, due December 25, 1853; and the other for the same amount, due December 25, 1854. These notes were assigned to one Collier, February 7, 1853, and by him to the complainant, Dishmore, March 14, of the same year. The consideration is specified on their face.
*556 The object of the bill is to make the land liable for these notes.
It is insisted by defendant, Jones, the present owner of the land, upon the ground that Pursley made a deed directly to Estridge, dated January, 1853, registered October, 1854, and that he purchased the same of Estridge, and obtained his deed in October, 1855. Upon these facts, he insists that the lien was lost, and cannot follow the land into his hands.
Estridge, at the time he sold to Jones, informed him that he had not paid to his vendor, Hildreth, these notes. We have very little doubt, from the pleadings, that he agreed to pay them as a part of the consideration. He admits, in his answer, that he said to Hil-dreth, that he would do as he pleased about that; but concedes, in his answer, that he only paid in a yoke of oxen, and a store account, the value of $100, or, perhaps, “less.” That, with the amount of these notes, would make about what Pursley proves the land was then worth. This is a strong circumstance to show that the payment of these notes was a part of the consideration.
But, independent of that, upon well established equitable principles, the decree in favor of complainants can be maintained. The sale to Estridge, when he gave these notes to his vendee, was without deed; and whatever title he bought was encumbered with a lien, which passed to the assignee of the notes. Could this lien bo defeated by a deed from the original vendor, under his bond for title to Hildreth, directly to Estridge, and by him to Jones? Most clearly not. If the lien passed with the notes to the complainant, as endorsee, it could *557 not be avoided by the acts of others. Even if deeds had been made to Hildreth, and by him to Estridge, upon the execution of these notes, and the land was bought by Jones, with full knowledge that they remained unpaid, the land would bo made liable, if the notes had continued in the hands of the vendor; but such lien would not inure to the benefit of the endorsee, because the legal title had been parted with. But here the equal title was still in the original vendor, and, of course, did not pass to Estridge at the time of his purchase and the execution of these notes.
So, in every view, the land was property made liable for the satisfaction of the judgments on the notes; and the decree will be affirmed, with costs.